UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

GULF HYDROGEN AND ENERGY, INC., §
§
      Plaintiff, §
VS. §   CIVIL ACTION NO. 2:13-CV-276
§
EASTMAN CHEMICAL COMPANY, §
§
      Defendant. §
§

## ORDER

Before the Court is Plaintiff's Motion to Remand (D.E. 5).  Defendant removed this action to this Court on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332, arguing that Plaintiff's non-diverse Delaware citizenship was the result of "tampering" to artificially destroy diversity jurisdiction and should be disregarded.  D.E. 1. Defendant has also filed its Motion for Expedited Jurisdictional Discovery (D.E. 7), seeking leave to conduct discovery regarding the timing, motive, and intention of the formation of the Plaintiff's Delaware corporate identity and its conversion from its previous business format as a Texas limited liability company.  For the reasons set out below, the Motion for Expedited Jurisdictional Discovery (D.E. 7) is DENIED and the Motion to Remand (D.E. 5) is GRANTED.

Federal courts are courts of limited jurisdiction.  *E.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998).

> They possess only that power authorized by Constitution and statute, *see Willy v. Coastal Corp.*, 503 U.S. 131, 136–137, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951).  It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of North America*, 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182–183, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936).

*Kokkenen, supra.*

Diversity jurisdiction, created by 28 U.S.C. § 1332, is to be strictly construed.  *E.g., Birmingham Fire Ins. Co. v. Winegardner & Hammons, Inc.*, 714 F.2d 548, 553 (5th Cir. 1983); *Fawvor v. Texaco, Inc.*, 546 F.2d 636, 639 (5th Cir. 1977).  Likewise, the removal statute is to be strictly construed.  *Ernewayn v. Home Depot U.S.A., Inc.*, 727 F.3d 369, 370 (5th Cir. 2013).  The purpose of diversity jurisdiction in the federal courts is simply to protect parties from outside of the state from bias in favor of local parties—a bias that may be at work in state courts.  *Erie R. Co. v. Tompkins*, 304 U.S. 64, 74, 58 S.Ct. 817, 820, 82 L.Ed. 1188 (1938); *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 716 n.6 (5th Cir. 1975).  That purpose is not served when both parties are corporations formed in the same state.

Diversity jurisdiction is determined as of the time the action is removed to federal court.  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004).  Defendant admits that, as of that time, both Plaintiff and Defendant were Delaware corporations and, hence, non-diverse citizens of Delaware.  28

U.S.C. § 1332(c)(1).  Its argument for looking behind the facts as they existed on the date of removal is that Plaintiff incorporated only the day before filing suit, presumably for the sole or primary purpose of defeating federal diversity jurisdiction.

Defendant relies on a statute and case law that condemns artifice among parties that is used to manufacture federal jurisdiction, arguing that the authorities apply equally to efforts to defeat jurisdiction.  First, 28 U.S.C. § 1359, reads:  "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."  On at least six occasions, this statute has been held to apply only to prohibit the manufacturing of jurisdiction and not to defeating it:

- There has been much less case law on the question of assignments which destroy jurisdiction.  Of course, assignments of that kind are not specifically covered by 28 U.S.C. § 1359."  *Attorneys Trust v. Videotape Computer Products, Inc*., 93 F.3d 593, 597 (9th Cir. 1996).

- "By statute, a party cannot create diversity by an assignment of claim.  28 U.S.C. § 1359.  There is, however, no corollary statute that prohibits an assignment to destroy diversity."  *Ivanhoe Leasing Corp. v. Texaco, Inc.*, 791 F.Supp. 665, 667 (S.D. Tex. 1992).

- The statute "relates only to the improper creation, not the destruction, of federal diversity jurisdiction."  *Herrick v. Pioneer Gas Products Co*., 429 F.Supp. 80, 84 (D.C. Okla. 1976).

- "Section 1359, as its language clearly shows, expresses a policy against the creation of federal jurisdiction and not against its avoidance." *McSparran v. Weist*, 402 F.2d 867, 875 (3rd Cir. 1968) (citing 3 Moore, FEDERAL PRACTICE, p. 1320 (2d ed.1948) and 3A Moore, FEDERAL PRACTICE, § 17.05(3-3) (2d ed. 1968)).

- "There is no provision, however [in contrast to § 1359], where such assignment is made to avoid federal jurisdiction." *Leshem v. Continental Am. Life Ins. Co*., 219 F.Supp. 504, 506 (D.C.N.Y. 1963) (citing 3 Moore, FEDERAL PRACTICE [§] 17.05, at 1320 (2d ed. 1948)).

- The statute "does not necessarily operate to prevent plaintiff-assignees from instituting actions in state courts to prevent removal to the Federal Court." *Lisenby v. Patz*, 130 F.Supp. 670, 675 (D.C.S.C. 1955) (citing 45 AM.JUR., sec. 68, p. 859), *overruled on state law grounds*, *Hair v. Savannah Steel Drum Corp*., 161 F.Supp. 654 (E.D.S.C. 1955).

*See also*, 13F Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3641 (3d ed. 2009) (confirming that there is no statutory prohibition against defeating diversity jurisdiction and counseling restraint in looking behind the allegations in a plaintiff's complaint).

Turning to case law, the Supreme Court has considered the propriety of diversity jurisdiction based upon a challenge to the legitimacy of corporate status in a particular state. *Black & White Taxicab & Transfer Co. v. Brown & Yellow Taxicab & Transfer Co.*, 276 U.S. 518, 524, 48 S.Ct. 404, 405 (1928). In that case, a Kentucky corporation had formed a

Tennessee corporation of the same name and had transferred all of its assets to that Tennessee corporation before filing suit in a Tennessee federal court against a Kentucky corporation regarding business activities that took place in Kentucky.  The Court held:

> The motives which induced the creation of respondent to become successor to its Kentucky grantor and take a transfer of its property have no influence on the validity of the transactions which are the subject of the suit. The succession and transfer were actual, not feigned or merely colorable. In these circumstances, courts will not inquire into motives when deciding concerning their jurisdiction.

*Id*.

Defendant has not offered any basis for determining that Plaintiff's conversion to a Delaware corporation was not a lawful exercise of its rights under relevant state law or involved an incomplete transfer of its assets, including the cause of action brought in this case.  For that reason, this Court sees no distinction between Plaintiff's conversion from a Texas limited liability company to a Delaware corporation and an individual's relocation of his or her domicile from one state to another.  *See Paudler v. Paudler*, 185 F.2d 901, 902 (5th Cir. 1951).  In *Paudler*, the Fifth Circuit recognized an individual's right to change domicile for any reason at any time.  The jurisdictional inquiry is limited to the fact of relocation and the intended and presumed permanency of that relocation; it does not include consideration of the motivation for making that change.

Defendant offers only "highly suspect timing" as its challenge to the legitimacy of Plaintiff's corporate conversion.  D.E. 6, p. 7.  As "good cause" for issuing an order for jurisdictional discovery, Defendant suggests only "timing, motive, and intention" concerning the formation of the Plaintiff's corporate identity.  D.E. 7, p. 2.  Without some

allegation that the corporate conversion was legally improper or incomplete, there is no reason to prolong this action in federal court and subject the parties to the delay and expense of jurisdictional discovery.  Given the Supreme Court's treatment of incorporation and the Fifth Circuit's acceptance of a change in citizenship despite timing and motive, Defendant's effort to show "good cause" for jurisdictional discovery does not present enough factual allegations to raise a reasonable expectation that discovery will reveal any basis for disregarding Plaintiff's Delaware citizenship and accepting this case under diversity jurisdiction.  *See generally, Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

The parties have debated the application of cases that look behind assignments that destroy diversity.[1]  Because of the analysis set out above, those cases and their analysis of assignments are not helpful to the Court's decision in this matter.

For the reasons set out above, Defendant's Motion for Expedited Jurisdictional Discovery and to Continue Submission of Motion to Remand (D.E. 7) is DENIED and Plaintiff's Motion to Remand (D.E. 5) is GRANTED.  This action is REMANDED to the County Court at Law No. 1, Nueces County, Texas, the court from which it was removed.

ORDERED this 5th day of November, 2013.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[1]  *E.g.*, *Provident Savings Life Assur. Soc. v. Ford*, 114 U.S. 635 (1885) (complete assignment of entire cause of action to a non-diverse party destroys diversity); *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181 (5th Cir. 1990) (incomplete, collusive assignment does not destroy diversity); *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 596-97 (9th Cir. 1996) (complete assignment may be collusive when transfers are between related corporations or involve shell corporations); *Ivanhoe Leasing Corp. v. Texaco, Inc.*, 791 F.Supp. 665 (S.D. Tex. 1992) (*Grassi* does not apply to complete transfer of relevant property); *Amalgamated Gadget, L.P. v. Mack*, 2004 WL 549483 (N.D. Tex. Feb. 10, 2004) (a complete assignment is not subject to consideration as improper or collusive).